UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHERRI WALKER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  5:16-cv-00506-HNJ |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA, ) | |
| ) | |
| Defendant ) | |

## **MEMORANDUM OPINION**

On May 21, 2021, the jury found in favor of Plaintiff, Cherri Walker, on her claim against Defendant, Life Insurance Company of North America (LINA), for breach of a long-term disability contract, and awarded Walker $160,342.00 in damages. (Doc. 189).  On June 24, 2021, the court entered a memorandum opinion resolving the parties' disputes regarding the calculation of interest on the jury's award (Doc. 197). On the same date, the court entered a final judgment providing, in relevant part:

>   (1) Cherri Walker shall have and recover from Life Insurance Company of North America the amount of $160,342.00, plus pre-judgment interest in the amount of $94,602.11, for a total judgment amount of $254,944.11.
>
>   (2) Cherri Walker also shall have and recover from Life Insurance Company of North America interest on the total of her past-due benefits and accrued pre-judgment interest ($254,944.11), calculated at the contractual rate of 1.5%, and accruing monthly from the date of

judgment until such time as Life Insurance Company of North America delivers payment to Cherri Walker.

(3) Life Insurance Company of North America shall reinstate Cherri Walker's long-term disability policy and shall pay her monthly, long-term disability benefits pursuant to the terms of the long-term disability insurance policy.

(Doc. 198, at 1-2).

On June 25, 2021, Plaintiff moved to amend the June 24, 2021, final judgment. (Doc. 199). LINA responded to the motion on July 2, 2021 (Doc. 201), and on the same day, Plaintiff filed a reply. (Doc. 202). This opinion addresses the motion to amend.

## I. The Court Will Amend the Judgment to Provide Pre-Judgment Interest Accruing Through June 11, 2021

The court awarded $94,602.11 in pre-judgment interest based upon LINA's calculations through June 11, 2021 (Doc. 197, at 15), but the court did not enter final judgment until June 24, 2021. (Doc. 198). Accordingly, the court agrees that Plaintiff should receive pre-judgment interest through June 24, 2021.[1] The court again accepts LINA's calculations of pre-judgment interest as consistent with the applicable contractual language and Alabama law, and it will adjust Plaintiff's pre-judgment interest award to $95,643.10 through June 24, 2021, the date of judgment.

---

[1] LINA did not object to amending the final judgment to provide for the award of pre-judgment interest through June 24, 2021. (Doc. 201, ¶ 3).

2

## II. The Court Will Amend the Judgment to Provide for Reinstatement of Long-Term Disability Benefits as of the Date of Judgment

As discussed, the final judgment required LINA to reinstate Plaintiff's long-term disability policy and pay her monthly benefits, but it did not state the date on which the reinstatement should commence. Plaintiff requests the court to specify that the reinstatement should commence as of May 21, 2021, the date of the jury's verdict. LINA did not object to Plaintiff's request, and the court will amend the final judgment to reflect that date.

## III. The Court Will Amend the Judgment to Require Post-Judgment Interest at the Federal Rate

As discussed, the final judgment required LINA to pay post-judgment interest "at the contractual rate of 1.5%." (Doc. 198, at 2). LINA objects that the court should have awarded post-judgment interest at the federal statutory rate, rather than the contractual rate.

28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and the district court should calculate such interest "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." The Eleventh Circuit has described a

> significant difference between pre- and post-judgment interest. . . . Post-judgment interest can hardly be considered part of an award for compensation on a claim. However, a successful claimant is theoretically entitled to receive the compensation on the date of entry of the judgment; in practice, this is not feasible, and post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day. This is effectuated by the federal statute providing interest on all federal court judgments. 28 U.S.C. § 1961. This is to be distinguished from pre-judgment interest, which forms part of the actual amount of a judgment on a claim.

*Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) (quoting *FIGA v. R.V.M.P. Corp.,* 874 F.2d 1528, 1533 (11th Cir. 1989)) (ellipsis in original).

Consequently, "in awarding postjudgment interest in a diversity case, a district court will apply the federal interest statute, 28 U.S.C. § 1961(a), rather than the state interest statute." *Id.* (citing *Brod & Co. v. U.S. Home Corp.,* 759 F.2d 1526, 1542 (11th Cir. 1985)). An exception exists for contract cases if the parties "agree to a different post-judgment interest rate." *Vision Bank v. Garrett Invs., LLC*, No. CIV.A. 11-00169-CB-B, 2012 WL 628915, at *3-4 (S.D. Ala. Feb. 27, 2012) (citing *FCS Advisors, Inc. v. Fair Finance Co., Inc.,* 605 F.3d 144, 148-49 (2nd Cir. 2010); *In re Riebesell,* 586 F.3d 782, 794 (10th Cir. 2009); *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.,* 253 F.3d 1011, 1020 (7th Cir. 2001); *In re Lift & Equip. Serv., Inc.,* 816 F.2d 1013, 1018 (5th Cir. 1987); *Carolina Pizza Huts, Inc. v. Woodward,* 67 F.3d 294 (4th Cir. 1995)).[2] Even so,

---

[2] The district court observed in *Vision Bank* that the Eleventh Circuit had not yet addressed the issue, and the court's research does not reflect any more recent rulings from the appellate court. Even so, "the consensus among courts that have is that parties may agree to a different post-judgment interest rate" than § 1961(a) provides. *Vision Bank v. Garrett Invs., LLC*, No. CIV.A. 1-00169-CB-B, 2012 WL

4

"federal law requires 'language expressing an intent that a particular interest rate apply to judgments or judgment debts' to be 'clear, unambiguous and unequivocal.'" *Jack Henry & Associates, Inc. v. BSC, Inc.,* 753 F. Supp. 2d 665, 670 (quoting *FCS Advisors,* 605 F.3d at 148). This requirement arises from the principal that the debt is extinguished upon entry of judgment and a new debt, a judgment debt, is created. *Id.* "The parties must explicitly state that they are agreeing to a postjudgment interest rate." *Id.*

*Vision Bank*, 2012 WL 628915, at *3.[3]

In the present case, the long-term disability insurance contract states that LINA "will pay the insured one and one-half percent per month on the amount of any claim which is considered overdue until it is finally settled and adjudicated." (Pl. Tr. Ex. 1, at Walker01586). Plaintiff argues that provision should encompass post-judgment interest calculations because her claim will not be fully settled and adjudicated until she

---

628915, *3 (S.D. Ala. Feb. 27, 2012).

[3] Plaintiff also argues that Alabama Code § 27-1-17(c) requires a 1.5 percent post-judgment interest calculation. That provision states:

> Any claim which has not been denied with notice, made pending with notice, or paid to the provider by the insurer, health service corporation, or the health benefit plan shall be overdue if the notice or payment is not received by the provider within the time periods specified in subsection (a). No further notice by the provider to the insurer, health service corporation, or health benefit plan shall be required under this section. If the insurer, health service corporation, or health benefit plan fails to deny or pay a clean written claim or clean electronic claim within the time periods, then the following shall occur: The amount of the overdue claim shall include an interest payment of 1.5 percent per month prorated daily which shall accrue from the date the payment was overdue and which shall be payable at the time that the claim is paid.

Ala. Code § 27-1-17(c). However, that provision applies to health insurance claims and does not control here.

5

receives full payment of the final judgment. But other courts have rejected similar arguments about similar contractual language, in the absence of a specific statement that the contractual rate extends to post-judgment interest. *See e.g., In re Riebesell*, 586 F.3d at 794 (awarding post-judgment interest at the statutory rate, not the contractual rate, when the contract stated that all amounts due "shall accrue interest until payment"); *Ngena Found. v. F&R Crous Found.*, No. CV 20-793 (CKK), 2021 WL 1546457, at *4 (D.D.C. Apr. 20, 2021) (awarding post-judgment interest at the statutory rate, not the contractual rate, when the contract provided for interest until the loan was "paid in full"); *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-CV-02133-REB-KLM, 2015 WL 4237950, at *7 (D. Colo. June 8, 2015), *report and recommendation adopted*, No. 14-CV-02133-REB-KLM, 2015 WL 4162586 (D. Colo. July 9, 2015) (awarding post-judgment interest at the statutory rate, not the contractual rate, when the parties' agreement "ma[de] no particular mention of post-judgment interest"); *Noe v. LPP Mortg. Ltd.*, No. CV H-11-3798, 2013 WL 12141261, at *4 (S.D. Tex. Dec. 5, 2013) (awarding post-judgment interest at the statutory rate, not the contractual rate, when the relevant agreement stated: "Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 8.3500%. [This interest rate] is the rate I will pay both before and after any default.") (alteration in original); *Branch Banking & Tr. Co. v. Garrett*, No. 1:11-CV-2070-SCJ, 2012 WL 13009092, at *4 (N.D. Ga. Apr. 26, 2012) (awarding post-judgment interest at the

statutory rate, not the contractual rate, when the contract contained "a provision for interest until the debt is paid").

Similarly, here, the contractual language does not clearly, unambiguously, and unequivocally reflect the parties' intent for the 1.5 percent contractual rate to apply to post-judgment interest calculations. In fact, if anything, the provision of 1.5 percent interest *until* the insurance claim is "finally . . . adjudicated" indicates an intent *not* to deviate from the statutory post-judgment rate, as the court finally adjudicated the case when it entered final judgment. Accordingly, the court will amend the final judgment to provide for post-judgment interest at the federal statutory rate.

**DONE** this 15th day of July, 2021.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE