FILED

2021 Jul-29  AM 09:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHERRI WALKER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO. 5:16-CV-00506-HNJ** |
| **LIFE INSURANCE COMPANY** | ) | |
| **OF NORTH AMERICA,** | ) | |
| **Defendant.** | ) | |
| | ) | |

## OBJECTION TO PLAINTIFF'S BILL OF COSTS

Defendant Life Insurance Company of North America ("LINA") respectfully

submits the following objections to Plaintiff's Bill of Costs. (Doc. 205).  In support

of these objections, LINA states as follows:

### ARGUMENT

**A.**     **Plaintiff Is Not Entitled to Costs as a Prevailing Party.**

No costs of any kind should be taxed against LINA because Plaintiff should

not be deemed the prevailing party in this action.  Costs under Rule 54(d) are only

awarded to the prevailing party.  Fed. R. Civ. P. 54(d) (stating that costs "should be

allowed to the prevailing party").  "Usually the litigant in whose favor judgment is

rendered is the prevailing party for purposes of rule 54(d)." *Myricks v. Fed. Rsrv.*

*Bank of Atlanta*, 480 F.3d 1036, 1043 (11th Cir. 2007) (citations omitted) (affirming

award of costs to defendant which prevailed on summary judgment).  Judgment was

1

entered in LINA's favor on numerous claims in this action.  Summary judgment was granted in LINA's favor on Plaintiff's claim for bad faith, attorney's fees, and punitive damages.  (Doc. 137).  LINA, therefore, was the prevailing party on those claims.  *See Henderson v. Franklin*, 782 F. App'x 866, 874 (11th Cir. 2019) (stating that " '[t]here is no question' that a party in whose favor the district court granted summary judgment is a prevailing party for purposes of Rule 54(d)(1)." (citations omitted)).  In addition, the Court entered final judgment in LINA's favor on Plaintiff's claim for breach of the life insurance contract.  (Doc. 204).  LINA was the prevailing party on that claim as well.

Plaintiff, by contrast, only prevailed on one claim—her cause of action for breach of the long term disability policy.  Not only did Plaintiff only succeed on this one claim, she also only recovered a tiny fraction of the relief she sought.  According to her disclosures, Plaintiff claimed damages in excess of $14 million.  (Doc. 129-1 at 11).  Yet, final judgment was entered in the amount of $255,985.10—***less than 2% of the damages claimed***.  She should not be awarded costs as the "prevailing party" when LINA successfully defended itself against the vast majority of the relief sought.

Given that this is a case with mixed results—a case where each party obtained a judgment—costs should be taxed as paid.  It is for this reason that LINA did not file its own request for costs.  In numerous mixed result cases, courts exercise their

discretion to require each party to bear its own costs. *See Woods v. On Baldwin Pond, LLC*, No. 613CV726ORL41DAB, 2016 WL 7325546, at *11 (M.D. Fla. Apr. 29, 2016), report and recommendation adopted, No. 613CV726ORL41DAB, 2016 WL 4927639 (M.D. Fla. Sept. 16, 2016) (explaining that equitable result is for each side to bear its own costs); *Thorncreek Apartments I, LLC v. Vill. of Park Forest*, 123 F. Supp. 3d 1012, 1014 (N.D. Ill. 2015) (noting discretion to deny costs to both sides in mixed outcome cases); *Peery v. Serenity Behav. Health Sys.*, No. CV106-172, 2010 WL 11537703, at *2 (S.D. Ga. Mar. 30, 2010) (citing cases requiring each party to pay its own costs); *Myers v. Cent. Fla. Invs., Inc.*, No. 604CV1542ORL28DAB, 2008 WL 5100531, at *2 (M.D. Fla. Dec. 3, 2008). The same should be done here.

Because LINA prevailed on numerous claims, Plaintiff should not be awarded costs as if she were the prevailing party. Accordingly, LINA respectfully requests that the Court order that each party bear its own costs.

**B.    Plaintiff's Bill of Costs Includes Charges That Are Not Taxable.**

In the event the Court awards costs, numerous charges included on Plaintiff's Bill of Costs should not be taxed against LINA. LINA objects to the following items:

**1. Postage Is Not Taxable.**

Plaintiff seeks $197.51 as fees for service of summons and subpoena. However, the amounts associated with the fees for the Genex, Matzek, Neighbors, and McKinney subpoenas are amounts for postage—not service by a private process server.[1]   Postage fees are not taxable as costs under 28 U.S.C. § 1920(1).   *See Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).   Accordingly, this category should be reduced by $104.32.

**2. Plaintiff Improperly Seeks Costs for Transcripts That Are Not Taxable.**

Plaintiff seeks transcription fees in the amount of $9,406.35.   She, however, has included multiple charges that are not taxable or for which she has failed to demonstrate that the amounts were necessary for use in the case.

*a. Charges for copies of exhibits are not taxable.*

Costs associated with receiving copies of deposition exhibits generally are not taxable.   *Brandon v. GlaxoSmithKline, LLC*, No. 7:15-CV-01804-RDP, 2018 WL 372307, at *3 (N.D. Ala. Jan. 11, 2018).   Plaintiff offers no explanation for the

---

[1] Genex subpoena - $19.90 (Doc. 205-2 at 8-9).  McKinney subpoena - $28.10 (Doc. 205-2 at 12).  Neighbors subpoena - $25.96 (Doc. 205-2 at 15).  Matzek subpoena - $30.36 (Doc. 205-3 at 20).

necessity of these copies, or a reason to depart from this general rule.  According,
these charges in the amount of $217.40 are not recoverable.[2]

   b.  *The video deposition charges are not taxable.*

   While the taxation of the cost of a video deposition is allowed, the requesting
party must provide an explanation for why it was necessary to obtain a copy of the
video tapes for use in the case.  *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d
460, 465 (11th Cir. 1996).  Plaintiff provides no explanation for why these videos
were necessary.   For the Smith, Norris, and Loris video charges, there is no
indication that Plaintiff even secured a copy of the video tape.  And, Plaintiff did not
even include these witnesses on her own witness list to provide testimony at trial.
(Doc. 155).  These video depositions were not necessary, and the fees from the video
depositions should not be taxed.  Accordingly, these charges in the amount of $2,270
are not recoverable.[3]

---

[2] Fees for the Lodi Deposition should be reduced by $152.50.  The deposition
invoice itself reflects that the only taxable amount is $788.90—not $941.40 as
requested by plaintiff.  (*See* Doc. 205-2 at 21). Fees for the Jacobson deposition
should be reduced by $3.15. (Doc. 205-2 at 25). Fees for the Bacak deposition
should be reduced by $57.50. (Doc. 205-2 at 30).  Fees for the Hare deposition
should be reduced by $4.25.  (Doc. 205-2 at 31).
[3] Jacobson video: $530.00, (Doc. 205-2 at 25); Smith video: $870.00, (Doc. 205-2
at 27); Norris and Loris video: $870.00, (Doc. 205-2 at 29).

*c. Miscellaneous objections*

In addition to the foregoing, LINA also objects to other charges Plaintiff has identified as fees for transcripts:

- LINA objects to the shipping costs for the Hare deposition in the amount of $18.00 (Doc. 205-2 at 31).  These charges are not taxable.  *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012).

- LINA objects to the "telephone conference fee" for the Bacak deposition in the amount of $104.50.  (Doc. 205-2 at 30) These charges are not recoverable.  *Watson*, 492 F. App'x at 997.

- LINA objects to the "Litigation Package" charge for the Bacak deposition in the amount of $145.00.  (Doc. 205-2 at 30).  These costs are not for a transcript of the deposition, and therefore do not come within the definition in § 1920.

Accordingly, these charges in the amount of $267.50 are not recoverable.

**3.  Plaintiff's Copying Costs Are Not Recoverable.**

Plaintiff bears the burden of proving that her copying charges are recoverable. *Anderson v. Surgery Ctr. of Cullman, Inc.*, No. 2:12-CV-00598-AKK, 2018 WL 8807149, at *5 (N.D. Ala. Aug. 27, 2018).  She must show that they "were necessary and provided either to the court or to the opposing party." *Richardson v. Oswalt*, No. 7:17-CV-01873-LSC, 2019 WL 6117608, at *4 (N.D. Ala. Nov. 18, 2019).  First,

Plaintiff requests $1,176.70 for what she calls "trial exhibits." (Doc. 205-1 at 4). She does not establish, however, that these copies were made for the court or for LINA. In fact, it appears that these copies were made for her own convenience in order to have a hard copy of the document available at trial, *see* Doc. 205-1, similar to an exhibit notebook for use by counsel. These copies were not all tendered to the jury as exhibits. As a result, these expenses are not taxable as costs. *Richardson*, 2019 WL 6117608, at *4 (noting that costs for trial notebook were not recoverable). Plaintiff, therefore, cannot recover these costs.

In addition, LINA objects to Plaintiff's request for $1,750.20 for "litigation copies." Costs for general copying are not taxable. *Anderson*, 2018 WL 8807149, at *5. In addition "costs for copies may be denied where the documentation is not sufficient for the court to determine the use or intended use of the copies." *Crouch v. Teledyne Cont'l Motors, Inc.*, No. CIV.A. 10-00072-KD-N, 2013 WL 203408, at *21 (S.D. Ala. Jan. 17, 2013). Plaintiff has not carried this burden. She makes the conclusory assertion that certain copies were "necessary," but fails to explain for what purpose. (Doc. 205-2 at 41). Simply because a copy may have been "necessary" for Plaintiff's counsel's convenience, does not make the cost taxable. *Crouch*, 2013 WL 203408, at *21 (explaining that cost of copies made for convenience of counsel are not taxable). Similarly, Plaintiff lists various categories of copies she made for trial, but again, these appear to be copies made for convenience of counsel. (Doc.

205-2 at 41).  Finally, copies made "to determine discovery needed", *see* Doc. 205-2 at 41, are clearly a category of copies made for Plaintiff's counsel's own preparation, research, and investigation.  These costs are not taxable. *Crouch*, 2013 WL 203408, at *21.

Because Plaintiff has not carried her burden of demonstrating that her copying charges were recoverable, LINA objects to Plaintiff's request for copying costs in its entirety.

## C.    Summary.

Again, LINA objects to the award of any costs at all in this case.  For the Court's convenience, however, it summarizes its specific objections as follows:

| Category | Amount Requested | Reason for Objection | Amount of Objection | Amount remaining |
|---|---|---|---|---|
| Fees of Clerk | $400.00 | | | $400.00 |
| Fees for service of summons and subpoena | $197.51 | Postage not taxable | $104.32 | $93.19 |
| Fees for transcripts | $9,406.35 | Exhibit copies; video charges; miscellaneous objections | $2,754.90[4] | $6,651.45 |
| Fees for witnesses | $132.66 | | | $132.66 |
| Copy charges | $2,926.90 | Insufficient documentation; copies for | $2,926.90 | $0.00 |

___

[4] This is comprised of: $217.40 – exhibit copies; $2,270 – video fees; $267.50 – miscellaneous objections

| | | convenience of counsel | | |
|---|---|---|---|---|
| Other costs | $474.61 | | | $474.61 |
| **TOTAL** | $13,538.03 | | $5,786.12 | **$7,751.91** |

## CONCLUSION

For the foregoing reasons, LINA objects to Plaintiff's request that costs be taxed against LINA. Given the mixed result in this case, the Court should exercise its discretion and order that each party bear its own costs.

Respectfully submitted this 29th day of July 2021.

Maynard, Cooper & Gale, PC

*/s/ John A. Little, Jr.*
Michael D. Mulvaney
John A. Little, Jr.

ATTORNEYS FOR DEFENDANT LIFE
INSURANCE COMPANY OF NORTH AMERICA

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed with the clerk using the CM/ECF system on this the 29th day of July 2021, which provided notice to the following:

Michael D. Grabhorn
Andrew Grabhorn
Attorneys for Plaintiff
GRABHORN LAW OFFICE, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
*Attorneys for Plaintiff*

Michael K. Timberlake
SINIARD TIMBERLAKE & LEAGUE, PC
125 Holmes Avenue
 P.O. Box 2767
Huntsville, AL  35804

*Attorney for Plaintiff*


                         */s/ John A. Little, Jr.*

                         **OF COUNSEL**