UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

CHERRI WALKER,                    )
                                  )
        Plaintiff                 )
                                  )
    vs.                           )    Case No.   5:16-cv-00506-HNJ
                                  )
LIFE INSURANCE COMPANY OF         )
NORTH AMERICA,                    )
                                  )
        Defendant                 )

## MEMORANDUM OPINION

Plaintiff, Cherri Walker, asserted claims for breach of contract and bad faith against Life Insurance Company of North America (LINA), arising from LINA's decision to terminate her disability benefits under a group long-term disability policy and deny her claim for benefits under a group life insurance policy.   Her Amended Complaint requested unspecified damages.   (Doc. 86).

On May 19, 2020, the court granted summary judgment on Walker's bad faith claim, as well as Walker's requests for attorney's fees and punitive damages, but it allowed Walker's breach of contract claim to proceed to trial.   (Doc. 137).   On May 14, 2021, during a pre-trial hearing, the court held Walker could not recover mental anguish damages for her breach of contract claim, and it excluded any evidence of such damages from the trial.   (Doc. 223, at 14-15, 106-112).

1

On May 21, 2021, a jury found LINA did not breach the life insurance contract, yet it determined LINA did breach the long-term disability insurance contract and awarded Walker $160.342.00 accordingly.   (Doc. 189).   The parties disputed the proper method for calculating pre-judgment interest, and on June 24, 2021, the courted adopted a simple interest calculation.   (Doc. 197).

In addition, on June 24, 2021, the court entered a final judgment in Walker's favor (Doc. 198), and on July 15, 2021, it amended the final judgment.   (Doc. 204). The court awarded Walker $160,342.00 in damages, plus pre-judgment interest in the amount of $95,643.10, for a total judgment amount of $255,985.10.   (*Id.* ¶ 1).   It also awarded post-judgment interest at the statutory rate of 0.08%, accruing monthly until LINA delivered payment to Walker.   (*Id.* ¶ 2).   Finally, the courted ordered LINA to reinstate Walker's long-term disability policy effective May 21, 2021, and to pay her monthly, long-term benefits pursuant to the terms of that policy.   (*Id.* ¶ 3).

On July 15, 2021, Walker submitted a Bill of Costs (Doc. 205); subsequently, on July 23, 2021, she filed a Notice of Appeal.   (Doc. 206).   On October 15, 2021, the court exercised its discretion to postpone ruling on the Bill of Costs until after the Eleventh Circuit rendered a decision on appeal, as "the Eleventh Circuit's decision regarding whether this court properly dismissed [claims other than the breach of contract claim] may substantially affect Plaintiffs' entitlement to costs."   (Doc. 222, at 2-3).

On April 5, 2023, the Eleventh Circuit affirmed this court's prior decisions, including: (1) its grant of summary judgment on Walker's bad faith claim; (2) its decision to exclude mental anguish damages for Walker's breach of contract claim; and (3) its decisions to award simple pre-judgment interest at a rate of 1.5% under the policy and simple statutory post-judgment interest at a rate of 0.08%. (Doc. 224).

On April 19, 2023, Walker renewed her Bill of Costs. She seeks a total of $13,538.03 in costs. (Doc. 225; Doc. 225-1, at 1). On May 3, 2023, LINA objected to Walker's Bill of Costs (Doc. 226), and on May 4, 2023, Walker responded to LINA's objections. (Doc. 228). This opinion addresses Walker's renewed Bill of Costs and LINA's objections thereto. For the reasons stated herein, the court will partially sustain LINA's objections, and it will partially award Walker's requested costs. Walker will receive a total cost award of $11,244.18.

## I. Walker Constitutes a Prevailing Party Under Federal Rule of Civil Procedure 54(d)

Federal Rule of Civil Procedure 54(d) allows a "prevailing party" to recover costs, other than attorney's fees. Fed. R. Civ. P. 54(d)(1). To reach prevailing party status, a party must satisfy two requirements. "First, the party must be awarded some relief on the merits of its claim by the court." *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001)). "Second, the party must

be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." *Id.* (citing *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).[1]

> "To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however.   Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced."

*Fireman's Fund Ins. Co. v. Tropical Shipping & Const. Co.*, 254 F.3d 987, 1012 (11th Cir. 2001) (alterations in original) (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).

Walker received relief on the merits of her claim for breach of the long-term disability contract:   a jury awarded her $160,342.00 in damages, and the court awarded her an additional $95,643.10 in pre-judgment interest, post-judgment interest at the statutory rate, and reinstatement of her monthly long-term disability payments.   The court's judgment altered the legal relationship between Walker and LINA, as it required LINA to render payments it previously refused to accord.   Those facts afford Walker prevailing party status pursuant to the Eleventh Circuit's standard.

LINA asserts Walker does not constitute a prevailing party, as she succeeded

---

[1]  In *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372 (11th Cir. 2022), the Eleventh Circuit relied upon case law discussing prevailing party status under the fee-shifting provision of 42 U.S.C. § 1988, as it determined "the meaning of 'prevailing party' is the same in either context – fees or costs."   *Id.* at 1377.

only on her breach of contract claim, not her bad faith claim, and she "only recovered a tiny fraction of the relief she sought."   (Doc. 226, at 2).   That assertion contradicts the Eleventh Circuit's clear holding that a party may achieve "prevailing party" status if she succeeds on only a fraction of the claims she asserted.   *See Fireman's Fund,* 254 F.3d at 1012; *Head,* 62 F.3d at 354; *Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) (although a "defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit," Court adjudged plaintiff a prevailing party because she prevailed on one of the four claims lodged against defendant) (citation omitted); *Damian v. Bucks of Am., LLC*, No. 8:21-CV-1999-WFJ-MRM, 2023 WL 7109627, at *1 (M.D. Fla. Oct. 27, 2023) ("Plaintiff qualifies as a prevailing party.   The Court ultimately ruled in her favor on two out of three counts and awarded her over six-figures in damages."); *Buccellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-21297-CIV, 2015 WL 11202358, at *5 (S.D. Fla. Mar. 10, 2015) (citing *Head,* 62 F.3d at 354) ("Although Plaintiffs did not prevail on all of their claims against these defendants, they did prevail on their trademark infringement claim which is sufficient to render them a prevailing party."); *Sanchez v. Bland Farms, LLC*, No. 6:08-CV-96, 2011 WL 4500762, at *1 (S.D. Ga. Sept. 27, 2011) ("Because the Court entered judgment in favor of Plaintiffs on at least one of their claims of relief, . . . Plaintiffs are the prevailing party for the purposes of Fed. R. Civ. P. 54(d).").

     LINA cites "mixed result cases" in which other district courts within the

Eleventh Circuit "exercise their discretion to require each party to bear its own costs." (Doc. 226, at 2). However, those cases typically address situations in which both parties have asserted claims. *See Woods v. On Baldwin Pond, LLC*, No. 613CV726ORL41DAB, 2016 WL 7325546, at *4, 11 (M.D. Fla. Apr. 29, 2016), *report and recommendation adopted,* No. 613CV726ORL41DAB, 2016 WL 4927639 (M.D. Fla. Sept. 16, 2016) (Plaintiff received a $720 award on his original claim, and Defendants received a $2000.06 award on their counterclaim.); *Peery v. Serenity Behav. Health Sys.*, No. CV106-172, 2010 WL 11537703, at *1-3 (S.D. Ga. Mar. 30, 2010) (Jury returned a verdict for Plaintiffs on their original claim and against Defendant on its counterclaim.); *see also SIS, LLC v. Stoneridge Holdings, Inc.*, No. 1:17-CV-01816-SDG, 2021 WL 4478741, at *2, 7-8 (N.D. Ga. Sept. 30, 2021), *aff'd sub nom. SIS, LLC v. Stoneridge Software, Inc.*, No. 21-13567, 2023 WL 164067 (11ᵗʰ Cir. Jan. 12, 2023) (Jury found in favor of Plaintiff on one claim, against Plaintiff on another claim, and for Defendant on a counterclaim.).[2] Those circumstances do not exist here, as LINA did not assert a counterclaim. (*See* Doc. 89).

LINA also cites *Myers v. Cent. Fla. Invs., Inc.*, No. 604CV1542ORL28DAB, 2008 WL 5100531 (M.D. Fla. Dec. 3, 2008), in which the plaintiff received a six-figure jury

---

[2] LINA also cites *Thorncreek Apartments I, LLC v. Vill. of Park Forest*, 123 F. Supp. 3d 1012, 1014-15 (N.D. Ill. 2015), but that case emanates from a district court in Illinois, and it does not cite Eleventh Circuit authority. Therefore, it does not bear appreciable persuasive value.

award on a state law battery claim, but she did not prevail on seven other claims. *Id.* at *2. The district court declined to tax costs to either party due to what it called "a classic 'mixed result' outcome." *Id.* However, as the *Myers* decision does not comport with Eleventh Circuit authority allowing costs to a prevailing party who only succeeds on a fraction of her claims, it bears negligible persuasive value.

## II.   The Court Will Reduce Walker's Requested Costs by $2,098.45, Resulting in a Total Cost Award of $11,439.58

As Walker constitutes a prevailing party pursuant to Rule 54(d), she may recover costs. Title 28 U.S.C. § 1920 permits recovery of the following cost items:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The prevailing party bears the burden "to submit a request for expenses that would enable the district court to determine what expenses were incurred on the federal litigation." *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). "'[T]he losing party

7

bears the burden of demonstrating that a cost is not taxable, unless knowledge regarding the proposed cost is within the exclusive control of the prevailing party.'" *Onemata Corp. v. Rahman*, No. 20-CV-62002, 2023 WL 6534501, at *12 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, No. 0:20-CV-62002-WPD, 2023 WL 5992139 (S.D. Fla. Sept. 15, 2023) (quoting *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009)). Thus, except where otherwise specified, LINA bears the burden of refuting Walker's cost requests.

Walker requests a total of $13,538.03 in fees, representing the following charges:

- $400.00 for fees of the Clerk

- $197.51 in fees for service of summons and subpoena

- $9,406.35 in transcript fees

- $132.66 in witness fees

- $2,926.90 in copying fees

- $474.61 in "other costs," representing medical record fees.

(Doc. 225-1, at 1; Doc. 225-2, at 1-6).

LINA does not challenge Walker's requests for fees of the Clerk, witness fees, and medical record fees. Accordingly, the court will award a total of $1,007.27 for those costs.

LINA objects to portions of Walker's requests for service fees, transcript fees,

and copying fees.   The following discussion addresses those objections.

### A.   Walker May Recover Fees for Service by Mail or Process Server, Yet Her Recovery for Mail Service May Not Exceed the U.S. Marshal's Standard Rates

Walker seeks $197.51 in fees for service of subpoenas.   (Doc. 225-1, at 1; Doc. 225-2, at 2).   LINA contests $104.32 of that amount, representing the following charges:

- $19.90 for service of a July 2, 2019, subpoena on Genex Services LLC (Doc. 225-3, at 6-9)

- $30.36 for service of an April 22, 2021, subpoena on Mark Matzek (*Id.* at 16-20)

- $25.96 for service of an April 23, 2021, subpoena on Nancy Neighbors (*Id.* at 13-15)

- $28.10 for service of an April 23, 2021, subpoena on John W. McKinney, III (*Id.* at 10-12).

LINA asserts Walker cannot recover those fees because she effected service through either the United States Postal Service or the United Parcel Service, not through a process server.   Section 1920 does not precisely permit recovery of postage fees.   *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).   However, the statute permits recovery of U.S. Marshal's fees, including fees for service of process, *see* 28 U.S.C. § 1920(1), and the Eleventh Circuit has extended such recovery to the fees of private process servers.   *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)

("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921. . . . Thus, a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in § 1921."). By extrapolation, there ensues no reasonable barrier to recovering postage costs for service by mail given the manner by which parties recover process server costs.

To wit, other district courts have allowed recovery of the cost of serving subpoenas by certified mail or other postal delivery means, as long as the charges are "less than the amount allowable for service by the U.S. Marshals Service." *Varesis v. Landry*, No. CV 21-00084-KD-M, 2023 WL 6142352, at *4 (S.D. Ala. Sept. 20, 2023); *see also Gen. S. Indus., Inc. v. Shub*, No. CV-06-J-4800-NW, 2007 WL 9712264, at *2 (N.D. Ala. Dec. 19, 2007) (awarding costs for overnight service of subpoenas by FedEx); *Heneghan v. City of Chicago*, No. 09 C 759, 2011 WL 4628705, at *2 (N.D. Ill. Oct. 3, 2011) ("Prevailing parties may recover service costs that do not exceed the marshal's fees, no matter how service is effectuated."); *Yeager v. Bowlin*, No. CIV 2:08-102 WBSJFM, 2010 WL 716389, at *1-2 (E.D. Cal. Feb. 26, 2010) (awarding costs for service of subpoenas by mail that did not exceed the amounts the U.S. Marshal would charge for such service).

Based upon this persuasive authority, the court concludes Walker may recover the costs of serving subpoenas through the United States Postal Service and United Parcel Service, but her recovery may not exceed the amount the U.S. Marshal would

10

have charged for such service.   The U.S. Marshal currently charges $8.00 per item for process served by mail.   28 C.F.R. § 0.114(a)(2).   Therefore, Walker may recover a total of $32.00 in service costs for the four challenged subpoenas.   That reduces her recovery for fees for service of summons and subpoena by $72.31, for a total recovery of $125.19, as follows:

- $7.19 for service of the Complaint on May 19, 2015 (unchallenged by LINA)

- $8.00 for service of a July 2, 2019, subpoena on Genex Services LLC (Doc. 225-3, at 6-9)

- $86.00 for service of a July 16, 2019, subpoena on Deborah Bacak by process server (*Id.* at 4-5) (unchallenged by LINA)

- $8.00 for service of an April 22, 2021, subpoena on Mark Matzek (*Id.* at 16-20)

- $8.00 for service of an April 23, 2021, subpoena on Nancy Neighbors (*Id.* at 13-15)

- $8.00 for service of an April 23, 2021, subpoena on John W. McKinney, III (*Id.* at 10-12).

**B**. **Walker May Partially Recover Her Requested Deposition Transcript Fees**

Walker requests a total of $9,406.35 in deposition transcript fees.   LINA objects that some of the requested fees were not "necessarily obtained for use in the case," as § 1920 requires.   *See* 28 U.S.C. §§ 1920(2), (4).

11

### 1.    The court will permit recovery of costs for deposition exhibits, other than color copies

LINA challenges a total of $196.90 Walker requested for receiving copies of deposition exhibits.[3]  Though the statute explicitly allows recovery of both transcript fees and necessary copies, it does not explicitly address fees for copies of deposition exhibits.  *See* 28 U.S.C. §§ 1920(2), (4).  The Eleventh Circuit has not weighed in on the matter, and district courts within the Eleventh Circuit have reached differing conclusions.

Most district courts within Alabama and Georgia do not categorically reject deposition exhibit fees.   Some courts allow recovery of such fees as necessarily adjacent to the cost of the transcript itself.  *See Pettaway v. Equifax Info. Servs., LLC*, No. 1:19-CV-3689-MHC-CCB, 2020 WL 10229091, at *2 (N.D. Ga. Oct. 27, 2020) ("Costs billed for copying exhibits attached to deposition transcripts are transcript fees allowed to be recovered by the prevailing party."); *Moore v. Baker*, No. CV 2:18-00311-KD-B, 2020 WL 4928997, at *4 (S.D. Ala. Aug. 21, 2020) ("Exhibit copies 'produced for the purpose of supplementing the depositions on which the court relied in granting summary

---

[3] LINA's brief asserts the court should reduce Walker's recovery by $217.40 for deposition exhibit costs.   However, that calculation includes a mathematical error, and the amount should equal $196.90. LINA asserts that "[f]ees for the Bacak deposition should be reduced by $57.50."   (Doc. 226, at 5 n.2).   However, the invoice for Bacak's deposition charges $35.50 for "Exhibits – B&W &/or Tabs," and $1.50 for "Exhibits – Color."   (Doc. 225-3, at 30).   The court presumes LINA's inclusion of the $57.50 represents a typographical error, as the line item preceding the exhibit charges on the invoice charges $57.50.   (*Id.*).

judgment' . . . are taxable."). Other courts allow recovery of transcript exhibit costs if the requesting party can demonstrate it obtained the copies out of necessity, not merely for the convenience of counsel. *See Wright v. Wal-Mart Stores E., LP*, No. 1:18-CV-1006-CC, 2021 WL 1159603, at *4 (N.D. Ga. Mar. 26, 2021) ("A party seeking costs for deposition exhibits must prove that copying the exhibits was necessary, as opposed to a mere convenience."); *Barber v. Hood*, No. 2:15-CV-00997-JHE, 2019 WL 3997069, at *11 (N.D. Ala. Aug. 23, 2019) ("[F]ees for printing exhibits and processing fees appear to be appropriate costs for obtaining transcripts of depositions 'necessarily obtained for use in the case,' which is all that is required in this circuit."); *Brandon v. GlaxoSmithKline, LLC*, No. 7:15-CV-01804-RDP, 2018 WL 372307, at *3 (N.D. Ala. Jan. 11, 2018) (rejecting request for costs of copying deposition exhibits when the requesting party offered "no explanation why it needed copies of the deposition exhibits from the court reporter, especially for depositions it noticed and took").

The Southern District of Florida generally rejects requests for deposition transcript fees. *See Gulf Bldg., LLC v. Philadelphia Indem. Ins. Co.*, No. 22-CV-60573, 2023 WL 8438465, at *5 (S.D. Fla. Nov. 2, 2023), *report and recommendation adopted*, No. 22-CV-60573-RAR, 2023 WL 8433693 (S.D. Fla. Dec. 4, 2023) (citing *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2023 WL 319136, at *5 (S.D. Fla. Jan. 3, 2023), *report and recommendation adopted*, No. 20-CV-22783, 2023 WL 315793 (S.D. Fla. Jan. 19, 2023); *Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV, 2022 WL 1667409, at

*3 (S.D. Fla. Mar. 5, 2022); *Chase Bank USA, N.A. v. Jacucci*, No. 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6, 2021); *RGF Env't Grp. v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010), *report and recommendation adopted sub nom. RGF Env't Grp., Inc. v. Activ Tek Env't Corp.*, No. 08-CIV-80682, 2010 WL 3269976 (S.D. Fla. Aug. 18, 2010)) ("As several courts in this jurisdiction have held, exhibit fees are not recoverable.").

However, the district has recognized an emerging exception, as "[s]ome courts award costs for deposition exhibits when the prevailing party is the non-deposing party." *Gulf Bldg.*, 2023 WL 8438465, at *5 n.4 (citing *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2017 WL 3315144, at *4 (S.D. Fla. Aug. 3, 2017); *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008), *report and recommendation adopted in part*, 2008 WL 11412061 (S.D. Fla. July 7, 2008); *Matamoros v. Broward Sheriff's Off.*, No. 18-CV-62813, 2022 WL 484828, at *3 (S.D. Fla. Jan. 31, 2022), *report and recommendation adopted*, 2022 WL 479883 (S.D. Fla. Feb. 16, 2022)).   As one Southern District of Florida opinion explained,

> an inquiry must be made into the purpose of the exhibit copies.  The deposing party, for example, generally provides the exhibits used during the deposition.  Consequently, the deposing party should have no need other than convenience for copies of the deposition exhibits.  The non-deposing party, however, may well need copies of the deposition exhibits because the non-deposing party did not furnish the deposition exhibits in the first place.  Thus, under such an example, the deposing party would not be entitled to recover the costs of transcript exhibits, while the non-deposing party would.

*George*, 2008 WL 2571348, at *6.

In this court's estimation, a prevailing party may recover fees for obtaining copies of exhibits to deposition transcripts so long as the depositions themselves were necessarily obtained for use in a case.  A "deposition is a record of testimony taken outside of the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a jury can regard it as equivalent to testimony delivered inside the courtroom under oath."  *Windsor Shirt Co. v. New Jersey Nat. Bank*, 793 F. Supp. 589, 606 (E.D. Pa. 1992), *aff'd*, 989 F.2d 490 (3d Cir. 1993) (citation omitted), *cited in*, *Moss v. Crawford & Co.*, No. CIV. A. 98-1350, 1999 WL 33292715, at *5 (W.D. Pa. Sept. 14, 1999); *see also* 7 *Moore's Federal Practice – Civil* § 30.02 (A "deposition is a record of testimony taken outside the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a court may regard it as equivalent to testimony delivered inside the courtroom under oath. . . ." (footnotes omitted)).  And such deposition testimony, so long as a prevailing party necessarily obtained it for use in a case, would not be complete without copies of the exhibits referred to therein because "[e]xhibits attached to a deposition 'are essential to the deposition transcript.'"  *Johnson v. Holway*, 522 F. Supp. 2d 12, 19 (D.D.C. 2007) (quoting *OAO Alfa Bank v. Ctr. for Pub. Integrity*, No. CIV.A. 00-2208(JDB), 2006 WL 1313309, at *4 (D.D.C. May 12, 2006) (in turn citing *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980 (N.D. Ill. 2003)

("This Court can award . . . costs associated with essential deposition exhibits.")); *see also Pettaway*, 2020 WL 10229091, at *2 ("Costs billed for copying exhibits attached to deposition transcripts are transcript fees allowed to be recovered by the prevailing party." (citing *Parton v. UPS Logistics Grp., Inc.*, No. 1:02-CV-2008-WSD, 2006 WL 8431226, at *2 (N.D. Ga. May 19, 2006); *BellSouth Telecomms., Inc. v. Mintz*, No. 1:04-CV-3586-CC, 2008 WL 11399761, at *2 (N.D. Ga. July 22, 2008) ("Exhibits attached to a deposition are essential to the deposition transcript are therefore recoverable as part of the cost of the deposition."))).   Therefore, obtaining a complete transcript of deposition testimony includes obtaining copies of the exhibits referenced therein.

LINA challenges Walker's recovery of costs for copies of exhibits to the depositions of Richard Lodi (Doc. 225-3, at 21), Stephen G. Jacobson, M.D. (*Id.* at 25), Deborah Bacak (*Id.* at 30), and Lynn Etheridge Hare (*Id.* at 31).   LINA asserts Walker did not explain the necessity of the copies.   (Doc. 226, at 4).   However, LINA did not object to Walker obtaining costs for the deposition transcripts themselves.   Therefore, pursuant to the foregoing rationale, the court will permit recovery for the costs of the deposition exhibits because they were essential to comprising complete deposition transcripts.

However, for Deborah Bacak's deposition, Walker requested $1.50 for color exhibits.   (Doc. 225-3, at 30).   The court will not permit recovery for the color exhibits cost because Walker has not demonstrated their necessity.   Therefore, the court will

reduce Walker's recovery for Bacak's deposition transcript by $1.50.

### 2.    Walker may recover $2,270.00 in video deposition charges

Walker requested a total of $2,270.00 in charges for video depositions, including $530.00 for the deposition of Stephen Jacobson, $870.00 for the deposition of Melissa Smith, and $870.00 for the depositions of Randall Norris and Colin Loris.   (Doc. 225-2, at 2-3).   In the Eleventh Circuit,

> when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed.

*Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).[4]   Recovery remains subject to § 1920's requirement that the deposition costs be "necessarily obtained for

---

[4] Congress amended § 1920 after the Eleventh Circuit decided *Morrison v. Reichold Chemicals, Inc.,* 97 F.3d 460 (11th Cir. 1996), yet courts continue to consistently apply *Morrison*'s holding that a prevailing party can recover for both stenographic and nonstenographic depositions.  *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012); *Porras v. United States*, No. 8:21-CV-423-JSS, 2023 WL 8520334, at *4 (M.D. Fla. Dec. 8, 2023) (prevailing party may recover for both stenographic and video deposition transcripts, as long as the prevailing party can demonstrate necessity); *Levesque v. Gov't Emps. Ins. Co.*, No. 15-14005-CIV, 2022 WL 1667409, at *2 (S.D. Fla. Mar. 5, 2022) ("I find that both printed and electronically recorded transcripts are taxable for the same deposition under § 1920(2) when 'necessarily obtained for use in the case.'"); *Coleman v. Morris-Shea Bridge Co., Inc.*, No. 2:18-CV-00248-LSC, 2021 WL 5920264, at *2-3 (N.D. Ala. Dec. 15, 2021) (acknowledging the possibility of recovering for both stenographic and nonstenographic depositions, yet placing the burden on the prevailing party to prove the necessity of both methods); *Stalvey v. United States*, No. 5:18-CV-00019, 2020 WL 4207118, at *4 (S.D. Ga. July 22, 2020) ("*Morrison* is somewhat outdated because 28 U.S.C. § 1920 was subsequently amended to include costs for 'electronically recorded transcripts;' however, the reasoning underlying *Morrison* still applies today.").

use in the case." 28 U.S.C. § 1920(2); *see also Morrison,* 97 F.3d at 465 ("[O]ur determination that the taxation for the cost of video depositions is allowable under § 1920 does not end our analysis. We must decide whether the copies of the videos obtained by Reichhold were 'necessarily obtained for use in the case.'"). The prevailing party bears the burden of establishing the necessity of the costs. *See Coleman v. Morris-Shea Bridge Co., Inc.,* No. 2:18-CV-00248-LSC, 2021 WL 5920264, at *2 (N.D. Ala. Dec. 15, 2021) (quoting *Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, L.L.C.,* No. 07-60654-CIV, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009)) ("[W]hen 'reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary.'"); *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler,* No. 8:19-CV-291-TPB-AEP, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021), *report and recommendation adopted sub nom. Atwood v. Adler,* No. 8:19-CV-291-TPB-AEP, 2022 WL 180794 (M.D. Fla. Jan. 20, 2022) ("[T]he prevailing party must still explain the necessity of obtaining both regular transcripts and videotaped copies for these costs to be taxable.").

Walker claims that "at no point did LINA object to the video recording of the deposition testimony thereby waiving its right to argue otherwise now." (Doc. 228, at 7). Indeed, the record contains copies of the deposition notices for Jacobson (Doc. 95), Smith (Docs. 94, 100), Noris (Docs. 99, 102), and Loris (Docs. 98, 101), all of which state that the deposition "may be visually recorded," and there exists no evidence

LINA objected to the video recording of any of those depositions.

Even so, LINA objects to Walker's charges because Walker "provides no explanation for why these videos were necessary." (Doc. 226, at 5). Specifically, "[f]or the Smith, Norris, and Loris video charges, there is no indication that Plaintiff even secured a copy of the video tape. And, Plaintiff did not even include these witnesses on her own witness list to provide testimony at trial." (*Id.*). Walker counters that she needed the video recordings to potentially present at trial because the witnesses resided in Texas and Wyoming – outside the court's subpoena power pursuant to Federal Rule of Civil Procedure 45.

That Walker did not ultimately use the video depositions at trial does not prove dispositive of her need for the video recordings. Another judge within this district has rejected the categorical assertion that "video depositions were unnecessary because they were not used at trial or filed with the court." *Anderson v. Surgery Ctr. of Cullman, Inc.*, No. 2:12-CV-00598-AKK, 2018 WL 8807149, at *3 (N.D. Ala. Aug. 27, 2018), *aff'd*, 839 F. App'x 364 (11th Cir. 2020). Rather,

> "the utility (and necessity) for a deposition is not alone measured by whether all or any part of it[ ] is formally offered in evidence." *United States v. Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963).[5]   Even if a deposition is only used minimally and is not critical to a party's ultimate success, costs are taxable if the deposition was "related to an issue which was present in the

---

[5] In *Bonner v. City of Pritchard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

> case at the time the deposition was taken." *W&O, Inc.*, 213 F.3d at 621
> (quotation omitted).

*Id.* (alteration in original). LINA did not raise any relevancy objections to Walker's requests to depose Jacobson, Smith, Noris, and Loris, and all those individuals served as either employees or contractors involved in the processing of Walker's benefits applications and appeals. (*See generally* Doc. 137 (Memorandum Opinion and Order on Motions for Summary Judgment)). Thus, their depositions must have related to an issue in the case.

In addition, the court finds Walker demonstrated the necessity of obtaining video recordings, in addition to stenographic transcripts, for the Jacobson, Smith, Noris, and Loris depositions, as those individuals all reside outside the court's subpoena power. *See Thelen v. Somatics, LLC*, No. 8:20-CV-1724-TPB-JSS, 2023 WL 7411309, at *7 (M.D. Fla. Sept. 18, 2023), *report and recommendation adopted*, No. 8:20-CV-1724-TPB-JSS, 2024 WL 69571 (M.D. Fla. Jan. 5, 2024) (awarding prevailing party costs of video depositions for trial witnesses who resided outside the court's subpoena power); *Cates*, 2021 WL 8200215, at *6 (accepting party's argument that it needed video depositions due to the uncertainty of whether the Covid-19 pandemic would prevent the witnesses from testifying live at trial).

The court will not reduce Walker's recovery for video deposition costs.

### 3.   The court will reduce Walker's award by $18.00, as she cannot recover shipping costs for the Lynn Hare deposition

LINA objects to requested costs of $18.00 for shipping Lynn Hare's deposition. (Doc. 226, at 5; Doc. 225-3, at 31; Doc. 205-2, at 31).[6]   Section "1920 does not authorize recovery of costs for shipment of depositions . . . ." *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) (citing 28 U.S.C. § 1920; *Duckworth,* 97 F.3d at 1399).[7] Walker appeared to recognize this principle in her Bill of Costs, as the attached affidavit

---

[6] As previously noted, the court cannot read the enumeration of charges on the copy of the Hare deposition transcript invoice Walker attached to her amended Bill of Costs.  (Doc. 225-2, at 31). However, the copy attached to the original Bill of Costs more clearly reflects the enumerated charges. (Doc. 205-2, at 31).

[7] Walker cites *Smith v. Off. of Att'y Gen.*, No. 2:17-CV-297-RAH, 2020 WL 13931452 (M.D. Ala. Oct. 6, 2020), which held "it is within this Court's discretion to award reasonable costs, including shipping costs, associated with depositions."  *Id.* at *2.  However, *Smith* does not persuade the court.  First, *Smith* cited only an Eleventh Circuit decision generally observing the great latitude trial courts enjoy in taxing costs, and a district court decision that predated the unpublished Eleventh Circuit opinion in *Watson.   See id.* (citing *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1298 (M.D. Fla. 2000)).   Second, most district courts follow the Eleventh Circuit's statement in *Watson* that § 1920 does not permit an award of costs for shipping depositions.   *See, e.g., Johnson v. Walker*, No. 9:22-CV-80881, 2023 WL 8436080, at *4 (S.D. Fla. Oct. 12, 2023), *report and recommendation adopted*, No. 22-80881-CV, 2023 WL 7178084 (S.D. Fla. Nov. 1, 2023) ("Miscellaneous costs associated with deposition transcripts, such as shipping and handling, . . . are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case."); *Killough v. All Points Logistics, LLC*, No. 5:17-CV-00247-AKK, 2022 WL 1556413, at *7 (N.D. Ala. May 17, 2022) ("The court will not tax costs for 'shipment of depositions or costs for binders, tabs, and technical labor.'"); *Kadribasic v. Wal-Mart Inc.*, No. 1:19-CV-03498-SDG, 2022 WL 898346, at *6 (N.D. Ga. Mar. 28, 2022) (denying costs for shipping deposition transcripts); *Doe v. Rollins Coll.*, No. 6:18-CV-1069-RBD-LRH, 2021 WL 3230424, at *8 (M.D. Fla. July 13, 2021), *report and recommendation adopted,* No. 6:18-CV-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021) ("The fees for condensed transcripts, exhibits, and delivery, shipping, and handling, absent explanation from Defendant, are also not taxable costs."); *January v. Outokumpu Stainless USA, LLC*, No. CV 15-00040-CG-C, 2016 WL 6134537, at *2 (S.D. Ala. Oct. 19, 2016) ("[T]he costs of shipping and handling the deposition are not properly taxable under § 1920.").

states her requested deposition costs "do *not* include fees for videoconference use, condensed copies, or shipping/handling." (Doc. 225-2, at 3 (emphasis in original)). Even so, Walker's requested amount for the Hare deposition transcript included the $18.00 line item for shipping charges. Despite her previous representation that she would not seek shipping costs, Walker's response brief persisted in defending that charge. She asserted shipping costs were "necessary to obtaining the transcript of Ms. Hare's deposition," as Hare served as an expert witness. (Doc. 228, at 7-8). Nevertheless, § 1920 does not permit recovery of transcript shipping costs. Accordingly, the court will reduce Walker's recovery by $18.00 for the costs of shipping Lynn Hare's deposition.

### 4. The court will reduce Walker's award by $104.50, as she cannot recover the telephone conference fees for Deborah Bacak's deposition

The invoice for Deborah Bacak's deposition transcript included two charges for "Tele-Conference Transcription," in the respective amounts of $57.50 and $47.00. (Doc. 225-3, at 30). In *Watson v. Lake Cnty.*, 492 F. App'x 991 (11th Cir. 2012), the Eleventh Circuit held that § 1920 does not extend to recovery of "telephone-conference fees related to the taking of a deposition." *Watson*, 492 F. at 997; *see also Cates*, 2021 WL 8200215, at *4 ("[T]hese costs [for web conferencing] are not recoverable."). As with the shipping costs, Walker stated in her Bill of Costs that she would "*not* include fees for videoconference use . . . ." (Doc. 225-2, at 3 (emphasis in original)). Even

so, Walker's requested amount for the Bacak deposition transcript included the $57.50 and $47.00 line-items for teleconference transcription charges.   Despite her previous representation she would not seek videoconference transcript charges, Walker's response brief persisted in defending those charges, as she asserts the teleconference fees "were necessarily required for obtaining the transcript – all that is necessary to be taxable" (Doc. 228, at 8).   However, such a blanket assertion contradicts the unpublished but persuasive decision of the Eleventh Circuit in *Watson*.

Walker also asserts "LINA's actions in regard to Ms. Bacak and her deposition warrant the imposition of these costs," as LINA misrepresented Bacak's name and falsely stated it represented Bacak.   (*Id.*).   Those assertions do not support the conclusion Walker deposed Bacak by teleconference out of necessity, rather than out of convenience.   Moreover, even if the statute permitted teleconference transcription charges, Walker has not provided a convincing argument why circumstances necessitated a teleconference deposition.   The court will reduce Walker's recovery by a total of $104.50 for teleconference transcription charges.

### 5.   The court will reduce Walker's award by $145.00, as she cannot recover litigation package charges

The invoice for Deborah Bacak's deposition transcript also included a charge of $145.00 for "Lit. pkg. – Read & Sign, Admin, eFile, Binding, Index, Lit-Stik."   (Doc. 225-3, at 30).   LINA objects that "[t]hese costs are not for a transcript of the

23

deposition, and therefore do not come within the definition in § 1920." (Doc. 226, at 6). Walker counters that LINA failed to cite any authority for its argument, and that the litigation package includes "Read & Sign," an item LINA requested. (Doc. 228, at 8-9).

Ample district court authority exists for denying prevailing parties the costs of litigation packages under § 1920. *See Porras v. United States*, No. 8:21-CV-423-JSS, 2023 WL 8520334, at *5 (M.D. Fla. Dec. 8, 2023) (citations omitted) ("'Non-recoverable deposition costs include litigation packages . . . .'"); *Tejeda v. Costco Wholesale Corp.*, No. 20-CV-24790, 2023 WL 6278799, at *6 (S.D. Fla. July 24, 2023), *report and recommendation adopted*, No. 20-24790-CIV, 2023 WL 6245688 (S.D. Fla. Sept. 26, 2023) (citations omitted) ("Defendant seeks to recover charges for a 'litigation package' . . . . Courts routinely deny such costs because they are primarily for the convenience of counsel."); *Pettaway*, 2020 WL 10229091, at *2 (citation omitted) (ellipsis in original) ("'Other costs associated with depositions, such as charges for litigation packages . . . are typically incurred for the convenience of counsel and not taxable.'"). As litigation package costs such as binding, electronic filing, and indexing primarily promote the convenience of counsel and do not constitute a necessity for obtaining a deposition transcript, this court generally agrees that Walker should not recover such costs.

Walker's assertion about the inclusion of LINA's requested "Read & Sign" charge requires separate discussion. Federal Rule of Civil Procedure 30 states, in

pertinent part:

>    (1) *Review; Statement of Changes*.   On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
>>        (A) to review the transcript or recording; and
>
>>        (B)   if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
>    (2)   *Changes Indicated in the Officer's Certificate*.   The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e)(1); *see also* 8A Charles A. Wright, Arthur R. Miller, & A. Benjamin Spencer, *Federal Practice & Procedure* § 2117, at 46 (3d ed.) ("Moreover, as amended in 1993 Rule 30(e) does not require submission of the transcript to the witness if one is prepared unless that is requested during the deposition.").

As LINA requested the "read and sign" privilege on Bacak's behalf, Walker's argument that she should not bear responsibility for the cost carries logical appeal.   *See Anderson,* 2018 WL 8807149, at *4 (considering, among other factors, that Defendants chose the "read and sign" option in awarding the additional costs of the option to Plaintiff).   Even so, the statute does not specify who should bear the cost of "read and sign" charges, and district courts diverge in their rulings.[8]

---

[8]  *Compare Mid-Continent Cas. Co. v. JWN Constr., Inc.*, No. 17-80286-CV, 2019 WL 8402872, at *6 (S.D.

However, the court need not decide which line of cases it finds more persuasive. Walker's Bill of Costs submission failed to delineate the "read and sign" expense from the other, non-recoverable items in the $145.00 litigation package charge.   Thus, even if the court found that Walker could recover costs for the "read and sign" charge, the

---

Fla. July 29, 2019), *report and recommendation adopted,* No. 9:17-CV-80286, 2019 WL 8402871 (S.D. Fla. Dec. 5, 2019), *aff'd,* 823 F. App'x 923 (11ᵗʰ Cir. 2020) ("With regard to the 'witness read & sign letter,' because Mid-Continent has not shown why it was essential to the resolution of its case, the undersigned recommends that this cost not be recoverable."); *Hooks v. Geico Gen. Ins. Co., Inc,* No. 3:13-CV-891-J-34JBT, 2015 WL 9595402, at *4 (M.D. Fla. Nov. 23, 2015), *report and recommendation adopted sub nom. Hooks v. GEICO Gen. Ins. Co., Inc.,* No. 3:13-CV-891-J-34JBT, 2016 WL 25936 (M.D. Fla. Jan. 4, 2016) ("[C]osts for . . . read and sign procurements . . . are not recoverable absent a showing by Defendant that they were necessarily obtained for use in this case."); *Ace Seguros, S.A. v. Werner Enterprises, Inc.,* No. 06-61470-CIV, 2008 WL 11405983, at *2 (S.D. Fla. Jan. 3, 2008), *report and recommendation adopted,* No. 06-61470-CIV, 2008 WL 11405984 (S.D. Fla. Jan. 23, 2008), *aff'd sub nom. Werner Enterprises, Inc. v. Westwind Mar. Int'l, Inc.,* 554 F.3d 1319 (11ᵗʰ Cir. 2009) (denying, without explanation, the charges for deponents' "read and sign letters"); *Sois v. Crescent Drilling & Prod., Inc.,* No. SA-19-CV-01194-FB, 2023 WL 8707421, at *6 (W.D. Tex. Oct. 19, 2023), *report and recommendation adopted sub nom. Solis v. Crescent Drilling & Prod., Inc.,* No. CV SA-19-CA-1194-FB, 2023 WL 8704782 (W.D. Tex. Dec. 15, 2023) (rejecting cost award for "fees to read and sign," as statute did not expressly allow their recovery, and Defendants did not "make an adequate showing as to their necessity"); *Mahoney v. Spirit Aerosystems, Inc.,* No. 4:19-CV-94-D, 2021 WL 1405959, at *1 (E.D.N.C. Apr. 14, 2021) ("This court has construed § 1920(2) and Local Civil Rule 54.1 as not encompassing [read and sign] charges."), *with Soricelli v. GEICO Indem. Co.,* No. 8:16-CV-1535-T-30TBM, 2018 WL 11351710, at *3 (M.D. Fla. Mar. 14, 2018) (including, without explanation, the charges for deponents' "read and sign" letters as recoverable costs); *USAA Life Ins. Co. v. Pourciau,* No. CV 19-259-JWD-EWD, 2023 WL 6133435, at *2 (M.D. La. Sept. 19, 2023) (read and sign charge constituted part of the "necessary fees for the court reporter to produce the original deposition transcript, which is taxable under 28 U.S.C. § 1920(2)."); *Profectus Tech. LLC v. Google LLC,* No. 6:20-CV-00101-ADA, 2022 WL 3362282, at *4 (W.D. Tex. Aug. 15, 2022) ("The Court finds that the requested costs of . . . 'Witness Read and Sign Services' are necessary costs for obtaining deposition transcripts under § 1920(2) . . . ."); *Gonzalez v. Cnty. of Fresno,* No. 1:18-CV-01558-BAM, 2022 WL 686275, at *4 (E.D. Cal. Mar. 8, 2022) (awarding "read and sign" fees but denying other litigation support package fees); *Perez v. BNSF Ry. Co.,* No. 18-00239-CV-W-BP, 2019 WL 7593373, at *3 (W.D. Mo. Sept. 16, 2019) (awarding $25.00 for "witness read and sign services" fee); *Pogue v. Nw. Mut. Life Ins. Co.,* No. 3:14-CV-0598-CRS, 2019 WL 2814643, at *3 (W.D. Ky. July 2, 2019) (considering a "Witness Read and Sign Services" fee a "necessary cost of taking the deposition," as Fed. R. Civ. P. 30(e) guarantees the witness the opportunity to review and change the transcript if she so chooses); *Selective Way Ins. Co. v. Apple,* No. 3:13-CV-00042, 2017 WL 111439, at *2 (W.D. Va. Jan. 11, 2017) (awarding $15.00 fee for a witness copy of a deposition transcript when the witness requested to read and sign the transcript).

record presents no basis for assessing the amount of that charge.

For these reasons, the court will reduce Walker's recovery by $145.00.

## C.   Walker May Partially Recover Her Requested Copying Costs

Walker's Bill of Costs includes a total of $2,926.90 in copying fees, representing the following three enumerated charges:   (1) $655.33 for "Copy Trial Exhibits" on May 14, 2021; (2) $521.37 for "Copy Trial Exhibits" on May 15, 2021; and (3) $1,750.20 for "Litigation Copies" on various dates she specifies and elaborates in an attached spreadsheet.   (Doc. 225-2, at 4; 225-3, at 41).

The statute explicitly allows "[f]ees for . . . the costs of making copies of any materials where the copies are necessarily obtained for use in the case."   28 U.S.C. § 1920(4).   The party seeking to recover copy costs – here, Walker – bears the burden of demonstrating the copies "'were necessary and provided either to the court or to the opposing party.'"   *Richardson v. Oswalt*, No. 7:17-CV-01873-LSC, 2019 WL 6117608, at *4 (N.D. Ala. Nov. 18, 2019) (quoting *Grady v. Bunzi Packaging Supply Co.*, 161 F.R.D. 477, 479 (N.D. Ga. 1995)).   In evaluating the necessity of copy costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O*, 213 F.3d at 623. A court may deny recovery for copy costs "'where the documentation is not sufficient for the court to determine the use or intended use of the copies.'"   *Anderson*, 2018 WL 8807149, at *5 (citations omitted).

27

### 1. The court will reduce Walker's award by $618.94 for unnecessary trial exhibit copies

Walker asserts she necessarily incurred a total of $1,176.70 ($655.33 + $521.37) in costs for copying trial exhibits on May 14 and May 15, 2021, as the court admitted the entire administrative record and the entirety of Walker's medical records during the May 14, 2021, final pretrial conference.   According to Walker, she

> necessarily had to have copies of all Defendant's pre-marked trial exhibits (274 pages), two copies of all her pre-marked trial exhibits (394 pages), two copies of the Administrative Record (3,618 pages), and two copies of Ms. Walker's discovery production (5,2[48][9] pages) – totaling 9,534 of printing at roughly $0.12/page.   Given the need to create a "binder" for the jury, as well as to ensure she had all potential rebuttal exhibits[,] two copies of anything Ms. Walker sought to introduce was necessary.

(Doc. 225-2, at 4-5).

LINA objects that Walker made the charged copies for "Trial Exhibits" ($655.33 and $521.37) "for her own convenience in order to have a hard copy of the document available at trial . . ., similar to an exhibit notebook for use by counsel," rather than for the court, the jury, or LINA.   (Doc. 226, at 6).   LINA correctly asserts that if Walker copied the exhibits for either her own personal use or for the use of counsel during trial, she cannot recover the copying costs.   *See Richardson*, 2019 WL 6117608, at *4 (quoting *Crouch v. Teledyne Continental Motors, Inc.*, No. 10-00072-KD-N, 2013 WL

---

[9] Walker's Bill of Costs transposed these numbers to state that two copies of her discovery production would total 5,284 pages.   (Doc. 225-2, at 5).   However, two copies of the discovery production, which contained 2,624 pages, would total 5,248 pages.   The court's recitation of the page numbers corrects this typographical error.

203408, at *22 (S.D. Ala. Jan. 17, 2013)) (Plaintiffs cannot recover costs for creation of their trial notebook, because "'trial notebooks are generally prepared for convenience of counsel and not necessarily obtained for use in the case.'").

However, the record reflects Walker made some of the referenced copies for the jury, pursuant to the court's instructions, not for her own personal use.   During a May 14, 2021, final pretrial hearing, the court pre-admitted the entire administrative file and the entirety of Walker's medical records.   The court anticipated that doing so would streamline the trial by eliminating the need for counsel to seek admission every time they needed to refer to a portion of the record.   Rather, counsel could simply select pages from the pre-admitted compilation of records, question the witness about those pages, and submit to the jury only the pages about which counsel questioned the witness.   To comply with the court's intended plan, counsel needed to have the entire administrative file, and the entire body of Walker's medical records, printed and available in the courtroom during trial, even if the parties did not ultimately offer each page of those compilations into evidence.   (Doc. 223, at 129-42).

Based upon the foregoing observations, Walker may recover the costs for copying materials the court requested.   *See Davis v. City of Apopka*, No. 615CV1631ORL37LRH, 2020 WL 4740521, at *7 (M.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, No. 615CV1631ORL37LRH, 2020 WL 2554215 (M.D. Fla. May 20, 2020) (citations omitted) ("'[T]he costs for binders, folders, labels and related items

are reimbursable when used in conjunction with complying with an order specifically requiring them . . . ."); *Nail v. Shipp*, No. CV 17-00195-KD-B, 2020 WL 1670459, at *16 (S.D. Ala. Apr. 3, 2020) (citations omitted) ("[T]he costs of copying documents, as requested by the Court (e.g., to provide the judge a courtesy/bench copy for trial), may be recoverable.").

As to the number of copies Walker charges, she asserts she needed two copies of her pre-marked trial exhibits (a total of 394 pages), two copies of the administrative record (a total of 3,618 pages), and two copies of her discovery production (a total of 5,284 pages), in addition to one copy of Defendant's pre-marked trial exhibits (a total of 374 pages). She claims she needed the first copy for the jury's binder, and she needed the second copy "to ensure she had all potential rebuttal exhibits." (Doc. 225-2, at 5).

The court disagrees that Walker needed two copies of each group of documents to satisfy the court's requests or for the convenience of the jury. If, to provide rebuttal evidence, Walker needed a witness to refer to a document the court already admitted into evidence, Walker could simply refer to the previously admitted exhibit. She did not need another entire set of new copies from which to extract a separate copy of the rebuttal documents. She also did not need to make a separate copy of all of LINA's trial exhibits.

Accordingly, the court will allow Walker to recover for only one copy of her pre-

marked trial exhibits (197 pages), one copy of the administrative record (1,809 pages), and one copy of her discovery production (2,642 pages), for a total of 4,648 pages, at a rate of $0.12 per page, for a total of $557.76.   That represents a reduction of $618.94. *See Richardson*, 2019 WL 6117608, at *4 (allowing copy costs for only one set of trial exhibits).

### 2.     The court will reduce Walker's award by $1,138.20 for unnecessary litigation copies

Walker's Bill of Costs requests $1,750.20 for "litigation copies."   (Doc. 225-2, at 4).   "[C]opies attributable to discovery" fall under the purview of § 1920(4), *W&O*, 213 F.3d at 623, as do "copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration." *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (overruled on other grounds).   Walker asserts her requested copies were "necessary for this litigation – determining discovery, deposition exhibits, preparation for pre-trial conference/trial, and courtesy copies to the Court, etc."   (Doc. 225-2, at 5).   LINA asserts Walker's conclusory assertion of necessity does not suffice, and Walker has not satisfied her burden of demonstrating necessity.   *See Anderson*, 2018 WL 8807149, at *5 (quoting *Corsair Asset Mgmt., Inc. v. Moskovitz*, 142 F.R.D. 347, 352 (N.D. Ga. 1992)) ("'[S]imply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery.'").

The court disagrees that Walker's submission, in general, lacks sufficient detail to satisfy her burden of demonstrating necessity.   In addition to the statements in her brief and her attorney's declaration, Walker presented a spreadsheet providing a sufficiently detailed description of each group of requested copies.   *See Combs v. Am. Strategic Ins. Corp.*, No. 5:19CV269-TKW-MJF, 2020 WL 13888359, at *3 (N.D. Fla. Dec. 18, 2020) ("Here, Plaintiffs provided a chart with five columns, including a 'details' column that described what was copied.   The descriptors used in that column (e.g., 'Plaintiffs' Rule 26 Disclosures,' 'Defendant's Production,' 'Plaintiffs' Motion in Limine (including Exhibits),' 'Plaintiffs' Trial Prep Binders (x3)') provide the Court sufficient information to determine that the copying costs are compensable.").   Thus, the court will evaluate Walker's entitlement to each specific item requested.

Walker first requests $52.25 for 209 copies at $0.25 per page, comprising "[e]xcerpts from Administrative Record for filing Amended Complaint and making exhibits" on January 27, 2016.   (Doc. 225-3, at 41).   On that date, Walker filed a motion for leave to amend her Complaint, but her attachments to the motion did not include any documents from the Administrative Record.   (Doc. 16).   Walker also did not attach copies of any documents from the Administrative Record to the Amended Complaint, which she filed on February 19, 2016.   (Doc. 21).   Accordingly, the court finds no basis for the necessity of these copies, and it will reduce Walker's award by $52.25.

Walker's second request represents $126.63 for 1,809 copies at $0.07 per page on June 23, 2016, for "LINA's production/Administrative Record for review – to determine discovery needed and litigation plan. Used FedEx to mitigate expense." (Doc. 225-3, at 41).   Her third request represents $285.32 for 4,076 copies at $0.07 per page on June 23, 2016, for "All records to determine discovery needed and litigation plan.   Used FedEx to mitigate expense.   Print claim file for litigation."   (*Id.*).

"Copying costs 'merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only' are not recoverable." *El-Saba v. Univ. of S. Alabama*, No. CV 15-00087-KD-N, 2016 WL 11700787, at *5 (S.D. Ala. Dec. 20, 2016) (quoting *W&O, Inc.*, 213 F.3d at 620-621); *see also Rosolen v. Home Performance All., Inc.*, No. 2:19-CV-24-JLB-NPM, 2021 WL 4822561, at *4 (M.D. Fla. Aug. 26, 2021), *report and recommendation adopted*, No. 2:19-CV-24-JLB-NPM, 2021 WL 4399119 (M.D. Fla. Sept. 27, 2021) (citing *W&O, Inc.*, 213 F.3d at 620, 623) ("For a transcript or photocopy, whether the cost is allowable depends on whether it was reasonably necessary for the movant to obtain the transcript or copy (allowable) or the movant obtained the transcript or copy merely for convenience, to aid in thorough preparation, or for investigative purposes (not allowable).").   As any copies used in "determining discovery" primarily promote counsel's preparation, investigation, and convenience, the court will not allow recovery for those copies.   Therefore, the court will deny Walker's requests for $126.63 for 1809 copies and $285.32 for 4076 copies on June 23, 2016.

Walker's fourth request seeks $198.50 for 794 pages at $0.25 per page on March 25, 2019, representing "Documents for exhibits necessary for Jacobson's deposition." Her fifth request seeks $293.50 for 1,174 pages at $0.25 per page on August 13, 2019, representing "Documents for exhibits necessary for Bacak Deposition." Her sixth request seeks $120.00 for 480 pages at $0.25 per page, representing "Documents for exhibits necessary for Hare deposition." (Doc. 225-3, at 41). The court will allow these amounts, as they represent "copies attributable to discovery." *W&O*, 213 F.3d at 623.

Walker's seventh request seeks $1.00 for four pages at $0.25 per page on April 19, 2021, for "Documents for sending exhibit list to court." Her eighth request seeks $5.50 for 22 pages at $0.25 per page on May 3, 2021, for "Documents for sending trial submission to Court." (Doc. 225-3, at 41). Though sending documents to the court may satisfy the necessity requirement, the record does not support Walker's assertion she obtained these documents for the court. Walker filed an exhibit list on April 16, 2021, but it contains only three pages, and there exists no explanation for delivering a printed copy to the court. (Doc. 156). *See Alvarez v. Lakeland Area Mass Transit Dist.*, No. 8:19-CV-01044-33SPF, 2020 WL 13119059, at *4 (M.D. Fla. Oct. 2, 2020), *report and recommendation adopted*, No. 8:19-CV-1044-T-33SPF, 2020 WL 13119060 (M.D. Fla. Oct. 22, 2020) (quoting *Gevinson v. Unum Life Ins. Co. of America*, No. 6:10-cv-3-Orl-19KRS, 2012 WL 13136861, at *4 (M.D. Fla. Feb. 24, 2012)) ("'Copies obtained for the

34

convenience of counsel, including extra copies of filed papers, . . . are not taxable."). Moreover, the court cannot discern what "trial submission" Walker may have sent on May 3, 2021.   She filed proposed jury instructions that day, but that document contains 45 pages, not 22.   (Doc. 170).   She filed responses to two of LINA's pre-trial motions on May 5, 2021, but those documents contained three pages (Doc. 178) and 26 pages (Doc. 179), respectively.   As these requests lack a proper foundation, the court will deny these amounts, for a total denial of $6.50.

Walker's ninth request seeks $107.00 for 428 copies at $0.25 per page on May 12, 2021, for "Copies of pre-trial filings for pre-trial conference and trial."   (Doc. 225-3, at 41).   Her tenth request seeks $68.50 for 274 copies at $0.25 per page on May 12, 2021, for "Copies of LINA's exhibits for pre-trial conference and trial."   (*Id.*).   Her eleventh request seeks $121.50 for 486 copies at $0.25 per page on May 12, 2021, for "Copies of Walker's potential exhibits for pre-trial conference (2 copies – 1 for potential labels)."   (*Id.*).   Her twelfth request seeks $370.50 for 1,482 copies at $0.25 per page for "Copies of all depositions for pre-trial conference and trial use."   (*Id.*).

The court conducted a final pretrial hearing on May 14, 2021, the Friday before trial commenced on Monday, May 17, to address the parties' trial briefs, motions in limine, and objections to witness and exhibit lists.   The court did not receive evidence during that hearing, and the court can discern no reason, other than counsel's convenience, that Walker would have needed to copy pre-trial filings, hers and LINA's

exhibits, and depositions for use at the pretrial hearing.   To the extent Walker requests recovery for copies of exhibits she used during the trial, the court has already awarded her those costs.   The court will reduce Walker's recovery by $667.50 ($107.00 + $68.50 + $121.50 + $370.50).

In summary, the court will partially grant Walker's request to recover for litigation copies.   As the following table depicts, Walker will receive $612.00 for litigation copies ($198.50 + $293.50 + $120.00).   That represents a total reduction of $1,128.20.

| Date | Quantity | Price | Amount Requested | Description | Disposition |
|------|----------|-------|------------------|-------------|-------------|
| 01/27/16 | 209.00 | $0.25 | $52.25 | Excerpts from Administrative Record for filing Amended Complaint and making exhibits | Denied |
| 06/23/16 | 1809.00 | $0.07 | $126.63 | LINA's production/ Administrative Record for review – to determine discovery needed and litigation plan.   Used FedEx to mitigate expense. | Denied |
| 06/23/16 | 4076.00 | $0.07 | $285.32 | All records to determine discovery needed and litigation plan.   Used FedEx to mitigate expense. Print claim file for litigation. | Denied |
| 03/25/19 | 794.00 | $0.25 | $198.50 | Documents for exhibits necessary for | Allowed |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Jacobson's Deposition | |
| 08/13/19 | 1174.00 | $0.25 | $293.50 | Documents for exhibits necessary for Bacak Deposition | Allowed |
| 08/19/19 | 480.00 | $0.25 | $120.00 | Documents for exhibits necessary for Hare deposition | Allowed |
| 04/19/21 | 4.00 | $0.25 | $1.00 | Documents for sending exhibit list to Court | Denied |
| 05/03/21 | 22.00 | $0.25 | $5.50 | Documents for sending trial submission to Court | Denied |
| 05/12/21 | 428.00 | $0.25 | $107.00 | Copies of pre-trial filings for pre-trial conference and trial | Denied |
| 05/12/21 | 274.00 | $0.25 | $68.50 | Copies of LINA's exhibits for pre-trial conference and trial | Denied |
| 05/12/21 | 486.00 | $0.25 | $121.50 | Copies of Walker's potential exhibits for pre-trial conference (2 copies – 1 for potential labels) | Denied |
| 05/12/21 | 1482.00 | $0.25 | $370.50 | Copies of all depositions for pre-trial conference and trial use. | Denied |

(*See* Doc. 225-3, at 41).[10]

---

[10] Walker's spreadsheet also included columns to indicate the staff member who incurred the charges and the type of charge incurred, though the chart reflects only copying charges.   (Doc. 225-3, at 41). The court eliminated those columns from its depiction of the spreadsheet, as neither column bears relevance to the current analysis.

## III.    Conclusion

In accordance with the foregoing, the court will reduce Walker's award of costs as follows:

- $72.31 in service fees

- $1.50 in deposition transcript exhibit charges

- $18.00 in transcript shipping charges

- $104.50 in teleconference fees

- $145.00 in litigation package fees

- $618.94 in copy fees for trial exhibits

- $1,138.20 in litigation copies.

The reductions total $2,098.45, leaving a total cost award of $11,439.58.   The court will enter a separate order awarding costs.

**DONE** this 29th day of February, 2024.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE